IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM SCOTT FINK, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF KIRKWOOD POLICE OFFICERS AND FIREFIGHTERS PENSION FUND, <br><br> **Serve:** <br> **Ms. Georgia L. Ragland** <br> **Assistant Chief Administrative Officer** <br> **139 S. Kirkwood Road** <br> **Kirkwood, MO 63122** <br><br> Defendant. | Cause No. <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW Plaintiff, by and through counsel, and for his complaint hereby states as follows:

### General Allegations

1. Plaintiff William Scott Fink is now and at all times relevant herein a citizen of the State of Missouri.

2. The City of Kirkwood Police Officers and Firefighters Pension Plan is an employee retirement income security program governed by the United States Employee Retirement Income Security Act (hereinafter "ERISA").

3. Jurisdiction is proper in this Court in that the District Courts of the United States have original and exclusive jurisdiction over claims involving ERISA.

514576

4. Venue is proper in this Court in that the actions giving rise to Plaintiff's complaint and the principal place of business of Defendant is in the County of St. Louis, State of Missouri.

5. For a period of almost 11 years, beginning on or about November 25, 1974 and ending on or about August 13, 1985, Plaintiff herein was employed as a police officer with the City of Kirkwood, Missouri.

6. At all relevant times herein, Plaintiff was and is a participant and beneficiary of the City of Kirkwood Police Officers and Firefighters Pension Plan.

7. During the time period of 1975 through on or about August 13, 1985, Plaintiff herein made regular contributions to his Police Officers and Firefighters Pension Plan account. During that same time period, matching contributions were made into Plaintiff's Police Officers and Firefighters Pension Plan account (hereinafter "Account") by his Employer.

8. The total amount of monies contributed to the account by Plaintiff individually was $6,837.83.

9. The amount of matching contribution made to Plaintiff's account by the City of Kirkwood Police Department (hereinafter sometimes referred to as "Employer") was likewise $6,837.83.

10. On or about August 13, 1985, Plaintiff herein resigned as a City of Kirkwood Police Officer. Prior to his resignation, Plaintiff met with his Chief of Police at the time, Daniel B. Linza, also the former chairman of the City of Kirkwood Police Officers and Firefighters Pension Board, to discuss Plaintiff's vested interest in his Account.

11. Chief Linza advised Plaintiff that he would maintain a vested interest in his Account by withdrawing his contributions, namely $6,837.83, but leaving in the Employer's contributions to the Account, namely the matching funds in the amount of $6,837.83.

12. Subsequent to this meeting with Chief Linza, and in reliance upon the information received therefrom, Plaintiff elected to withdraw his personal contributions to his Account but maintain the Employer's matching contributions in the Account for the purpose of remaining a plan participant and beneficiary pursuant to the option referred to by Plan Administrators as, "Vested Deferred Benefit". See Exhibit 3 attached hereto.

13. Pursuant to and in accordance with his election, Plaintiff received a refund of his individual plan contributions in the amount of $6,837.83 on or about September 18, 1985. See Exhibit 1 attached hereto.

14. On or about February 18, 1986, Plaintiff received correspondence from Mr. Michael G. Brown, as Chief Administrative Officer, confirming Plaintiff's request that his pension records reflect his selection of the option of vested deferred benefit and a calculation of future earned benefit actuaries. See Exhibit 2 attached hereto.

15. Attached to the February 18, 1986 letter from Mr. Brown was a February 12, 1986 letter from Joy C. Farr, as Actuarial Assistant, advising Mr. Brown of the computed vested deferred benefit for Plaintiff herein. See Exhibit 3 attached hereto.

16. On or about May 13, 1988, Plaintiff received correspondence from then Captain Jim Geringer, as Chairman of the Police/Fire Pension Board, advising of a new ordinance which would result in an increase in Plaintiff's monthly pension. The pension increase was noted on said correspondence. See Exhibit 4 attached hereto.

17. On or about March 2007 Plaintiff herein received notice from an annuity service center located in Medina, Ohio advising that he may have an annuity that had reached the end of its surrender period. <u>See Exhibit 5 attached hereto</u>.

## COUNT I – DECLARATORY JUDGMENT

18. Plaintiff restates and incorporates by reference hereto each and every allegation contained in Paragraphs 1 – 17.

19. Pursuant to 29 USCS §1132(a)(1)(B) a civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his Plan, to enforce his rights under the terms of the Plan, or to clarify his rights to future benefits under the terms of the plan.

20. Furthermore, pursuant to 29 USCS §1132(a)(3) a civil action may be brought by a participant, beneficiary or fiduciary to enjoin any act or practice which violates any provision of this title or the terms of the plan, or to obtain other appropriate equitable relief to redress such violations or to enforce any provisions of this title or the terms of the plan.

21. On or about April 5, 2007 Plaintiff herein turned 55 years of age.

22. Pursuant to the applicable terms of the plan at issue, upon turning 55 years of age, Plaintiff herein was to begin receiving his monthly pension benefit in the amount of $407.46 per month each and every month for the time period starting May 1, 2007 until the time of his death.

23. As of this time, Defendant has failed and refused to make any monthly payments to Plaintiff herein whatsoever, despite numerous and ongoing demands,

correspondences and communications by and between the parties and their agents or representatives.

24. Plaintiff is suffering immediate and irreparable harm and is continuing to suffer the same with each passing month.

25. Plaintiff has no adequate remedy at law and is need of this Court's declaration as to his entitlement to his vested deferred pension benefits.

26. This matter is ripe in that a justiciable controversy exists.

27. Pursuant to 29 USCS §1132 (g), this Court has discretion to award reasonable attorneys fees and costs to Plaintiff.

WHEREFORE, Plaintiff respectfully prays this Court grant a Declaratory Judgment in his favor and against Defendant declaring Plaintiff to be entitled to vested deferred benefits in the amount of $407.46 per month beginning May 1, 2007 and continuing until the date of Plaintiff's death, at which time Plaintiff's wife would be entitled to receive $192.01 per month, for reasonable attorney's fees and cost as allowed per 29 USCS §1132 (g), and any other or further relief this Court deems just and proper under the circumstances.

## COUNT II – BREACH OF FIDUCIARY DUTY

28. Plaintiff restates and incorporates by reference hereto each and every allegation contained in Paragraphs 1-17.

29. A benefit determination under ERISA is generally a fiduciary act. <u>Aetna Health Inc. v. Calad,</u> 542 U.S. 200 (U.S. Supreme Ct. 2004).

30. A fiduciary may not affirmatively miscommunicate or mislead plan participants about material matters regarding their ERISA plan. Additionally, a fiduciary

has a duty to inform when it knows that silence may be harmful and cannot remain silent if it knows or should know that the beneficiary is laboring under a material misunderstanding of plan benefits. Kalda v. Sioux Valley Physician Partners, Inc., 481 F.3d 639 (8th Cir. App. Ct. 2007).

31. In the instant action, Defendant affirmatively represented to Plaintiff, via the afore-referenced meeting between Plaintiff and Chief Linza, and Exhibits 2, 3, and 4, that he was entitled to and would be receiving a monthly pension benefit.

32. On or about May 2007, for the first time, and despite Exhibits 2, 3, and 4, Defendant advised Plaintiff that he was due no pension benefits and thus would not be receiving any benefits.

33. As evidenced by Exhibits 2, 3, and 4, Defendant corresponded with Plaintiff for a time period of approximately 3 years subsequent to his resignation with Employer to advise and keep Plaintiff apprised as to his future pension benefits.

34. Almost twenty (20) years later, Defendant herein has taken the position that Plaintiff is not entitled to any pension benefits.

35. In the alternative, Plaintiff hereby pleads that Defendant's actions/communications towards Plaintiff, as Plan Administrator, were so false, misleading, material and inconsistent with the duty of loyalty owed Plaintiff that a breach of fiduciary duty occurred.

36. Furthermore, Defendant's failure to disclose their position, for almost 20 years, after initially communicating a contrary position, warrants damages for breach of fiduciary duty in that the duty of loyalty requires a fiduciary to disclose any material

information that could adversely affect a participant's interest. Certainly, taking the new position of benefit denial constitutes such material information.

WHEREFORE, Plaintiff respectfully prays this Court grant Judgment in his favor and against Defendant in the amount of $407.46 per month beginning May 1, 2007 and continuing until the date of Plaintiff's death, at which time Plaintiff's wife would be entitled to receive $192.01 per month, for reasonable attorney's fees and cost as allowed per 29 USCS §1132 (g), and any other or further relief this Court deems just and proper under the circumstances.

## COUNT III – PROMISSORY ESTOPPEL/DETRIMENTAL RELIANCE

37. Plaintiff restates and incorporates by reference hereto each and every allegation contained in Paragraphs 1-17.

38. Defendant, by and through its authorized agent and/or representative, represented and promised to Plaintiff that he could withdraw his individual pension fund contributions upon his retirement and keep the Employer's matching funds in his Account, whereupon he would remain a Plan participant and beneficiary.

39. Defendant verified this promise via three separate documents, attached hereto as Exhibits 2, 3, and 4 and incorporated herein by reference.

40. Plaintiff detrimentally relied on Defendant's promise in planning and preparing for his retirement and post-retirement income/financial needs.

41. Defendant knew or should have known that Plaintiff would rely on it's promises in the manner and for the purposes Plaintiff did.

42. Plaintiff has no adequate remedy at law and injustice can only be avoided by enforcement of the promise.

WHEREFORE, Plaintiff respectfully prays this Court grant Judgment in his favor and against Defendant in the amount of $407.46 per month beginning May 1, 2007 and continuing until the date of Plaintiff's death, at which time Plaintiff's wife would be entitled to receive $192.01 per month, for reasonable attorney's fees and cost as this Court deems just and equitable, and any other or further relief this Court deems just and proper under the circumstances.

                    ROSENBLUM, GOLDENHERSH,
                    SILVERSTEIN & ZAFFT, P.C.

By:  /s/ David G. Bender
      David G. Bender, #119824
      Richard S. Bender, #2614
      7733 Forsyth Blvd., 4th Floor
      St. Louis, Missouri 63105
      (314) 726-6868
      (314) 726-6786 Facsimile
      dgb@rgsz.com
      Attorneys for Plaintiff

| INVOICE NO. | INVOICE AMOUNT ◊ CREDITS | FUND AND EXPLANATION | NET DUE |
|---|---|---|---|
| 9/18/85 | 6,837.83 | Refund of pension contribution 76-159 | 6,837.8 |

## CITY OF KIRKWOOD
### 139 SOUTH KIRKWOOD ROAD - KIRKWOOD, MO. 63122



EXHIBIT 1



Michael G. Brown
Chief Administrative Officer

City of Kirkwood
139 South Kirkwood Road
Kirkwood, Mo. 63122
(314) 822-5803

February 18, 1986

Mr. William Fink
411 Forest Run
Eureka, MO  63025

Dear Mr. Fink:

In response to your request that your pension records reflect that you have selected the option of vested deferred benefit, I have asked the City's actuary to calculate your earned benefit under the City's pension plan as of the effective date of your resignation from the Kirkwood Police Department. I have attached a copy of that report for your records, and it will be placed in your permanent record in City Hall.

If you have any questions about this report, please feel free to contact me.

Sincerely,

Michael G. Brown
Chief Administrative Officer

MGB:sb

EXHIBIT
2

**Powers, Carpenter & Hall, Inc.**                    Consultants • Actuaries • Insurance Brokers

February 12, 1986                    PERSONAL & CONFIDENTIAL
                                     _____

Mr. Michael G. Brown
Chief Administrative Officer
City of Kirkwood
139 South Kirkwood Road
Kirkwood, Missouri   63122



CITY OF KIRKWOOD, MO
OFFICE OF THE
CHIEF ADM. OFFICER

RE:  Vested Deferred Benefit of
     **William Fink**

Dear Mike:

We have computed the Vested Deferred benefit for William Fink. His monthly benefit will be $384.01 commencing on his Normal Retirement Date of May 1, 2007 in the Joint and Survivor payment form. Upon Mr. Fink's death, his wife will receive $192.01/month.

We used the following information taken from the 1986 data listing:

| | |
|---|---|
| Date of Birth: | 04/05/52 |
| Date of Hire: | 11/25/74 |
| Date of Termination: | 08/13/85 |
| Rank Multiplier: | 1.0 |

If you have any questions, please let me know.

Sincerely,

*Joy Farr*

Joy C. Farr
Actuarial Assistant

JCF:rl

EXHIBIT 3

A Subsidiary of Corroon & Black Corporation

231 South Bemiston • St. Louis, 63105-1982 • 314-725-0114      1777 South Harrison • Denver 80210-3933 • 303-759-8889

May 13, 1988


TO:   Deferred Vested and Current Police/Fire Retirees

FROM: Capt. Jim Geringer, Chairman Police/Fire Pension Board

RE:   Status of Proposed Pension Uplifts


I wish to take this opportunity to give you an update on the status of pension uplifts for deferred vested and current retirees of the Police and Fire Departments.

On Thursday evening, May 5, 1988, an ordinance was introduced at the Kirkwood Council meeting authorizing the retiree uplifts which have been under study by the board. The first reading of the ordinance received unanimous approval. Because of a 45-day waiting period required under state law, the bill will not be available for possible passage until the Council meets at their July 7 meeting, and if passed would be retroactive to April 1, 1988.

Basically, the ordinance would lift retirees to one-half the proficiency rate of pay of a police officer in effect March 31, 1988 for those receiving benefits on or before December 31, 1977, and a raise of the rank accrual amount to $38.50 for those retiring after 1977.

Below is how the proposed ordinance change would effect you individually. If you have any questions, please feel free to contact me at 822-5885.

Name  *Fink*

| Current Monthly Pension | Total Uplift | New Proposed Pension |
|---|---|---|
| *384.01* | *23.45* | *407.46* |



EXHIBIT 4

RECEIVED MARCH 2007
WSF

Annuity Service Center
PO Box 1012
Medina, OH 44258
Phone (800) 560-9448

## (Please see notice on reverse side)


PRESORTED
FIRST-CLASS CARD

73*1************   3-DIGIT SCH 630
MR WILLIAM FINK
411 FOREST RUN DR
EUREKA, MO 63025-2183

Privacy Act Notice. The Policy of Annuity Service Center is to protect the privacy rights of all consun  r who respond to this notice. The Annuity Service Center does not possess or disclose non-public person  information to third parties in any instance. If you choose to have an existing policy or contract reviewed by a licensed agent referred by the Annuity Service Center, that agent is also required to adhere to the state and federal consumer and privacy protection laws. This Notice is provided inaccordance with the Federal Privacy Act. Important Information: The Annuity Service Center is a registered trade name of Investors Union, LLC, a third-party agency, and is being sent to you as a holder of an in-force annuity contract. This agency does not have a direct affiliation with the insurance carrier through which you are currently contracted. The agency is contracted with agents licensed to conduct insurance business in your state. This notice should be disregarded if you do not currently have an in-force annuity contract. The Annuity Service Center does not sell nor solicit the sale of insurance products.

EXHIBIT
5

# NOTICE

Dear Annuity Holder:

**This notice is to inform you that you may have an annuity that has reached the end of its surrender period.**

Please contact Gayle Clary in the Annuity Service Center to discuss your options.

**(800) 560-9448**